IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| RONALD L. JOHNSON, ) | |
| ) | |
|     Plaintiff, ) | Civil Case No. 06-1688-KI |
| ) | |
| vs. ) | |
| ) | OPINION AND ORDER |
| WABASH NATIONAL TRAILER ) | |
| CENTERS, INC., a Delaware corporation, ) | |
| ) | |
|     Defendant. ) | |

    Scott N. Hunt
    Matthew B. Duckworth
    Busse & Hunt
    521 American Bank Building
    621 S.W. Morrison Street
    Portland, Oregon  97205

        Attorneys for Plaintiff

    Tamara E. Russell
    Christina Thacker
    Miller Nash LLP
    111 S.W. Fifth Avenue
    3400 U.S. Bancorp Tower
    Portland, Oregon  97204-3699

        Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

Plaintiff Ronald L. Johnson was injured on the job at defendant Wabash National Trailer Centers, Inc. ("Wabash"). After taking time off and returning to light duty, Johnson was eventually terminated. He alleges several claims for wrongful discharge, workers' compensation discrimination, and under state and federal family leave acts. Before the court is Defendant's Motion to Dismiss Plaintiff's Family Medical Leave Act Claim (#13). After notifying the parties, I converted the motion to one for summary judgment, as allowed under Federal Rule of Civil Procedure 12(b) when the parties present matters outside the pleadings. For the reasons below, I deny the motion and allow the claim to proceed.

## FACTS

Wabash National Corporation and its subsidiaries, including defendant Wabash, have employees at only one location in Oregon, located in Portland. According to company personnel records, Wabash had fewer than 50 employees on its payroll for the Portland work site from July through October 2005. It had no employees working in Washington that were within 75 miles of the Portland work site.

Johnson states that after his July 7, 2005 injury, he first was put on light duty and then was off work completely between August 31 and September 27, 2005. Whenever he presented a medical release to Larry McDaniels, the office manager, McDaniels never asked if he needed information about the Family Medical Leave Act ("FMLA") or if he was asking for FMLA leave.

Johnson states that the number of employees at his facility varied over time. It appeared to him that there were more than 50 employees working at the facility on many occasions. When Johnson first began working at Wabash, he was given an employee handbook. The handbook

lists numerous absences that are exempt from the absence policy, including "Family Medical Leave (for locations where applicable)." Johnson Decl. Att. A at 2. The handbook also contains a section:

> Family Medical Leave Act (F.M.L.A.)
>
> F.M.L.A. requires covered employers to provide up to 12 weeks of unpaid, job-protected leave to "eligible" associates for certain family and medical reasons. Under this law, associates are eligible if they have worked for a covered employer for at least one year, and worked 1,250 hours over the past 12 months, and if there are at least 50 associates within a 75 mile radius of the work-site.
>
> If your work location has at least 50 WNC associates within a 75 mile radius, please check with your Branch Controller for more information on F.M.L.A.

Id. at 6.

Signs posted around Wabash between June and October 2005 explained FMLA benefits. Johnson attended trainings about an employee's right to family medical leave and believes that he was given an FMLA handout at one meeting. Johnson believed that he would be able to take FMLA leave if he was hurt.

## LEGAL STANDARDS

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c). The initial burden is on the moving party to point out the absence of any genuine issue of material fact. Once the initial burden is satisfied, the burden shifts to the opponent to demonstrate through the production of probative evidence that there remains an issue of fact to be tried. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the

evidence is viewed in the light most favorable to the nonmoving party. Universal Health Services, Inc. v. Thompson, 363 F.3d 1013, 1019 (9th Cir. 2004).

## DISCUSSION

Wabash moves for summary judgment dismissing Johnson's third claim for relief in which he alleges he was terminated in violation of the FMLA "[d]ue to Defendant's discrimination and/or retaliation." Second Amended Complaint ¶ 21. Johnson clarified during oral argument that the claim is for retaliation for requesting leave, in violation of 29 U.S.C. § 2615(a)(1), known by the Ninth Circuit as an interference claim. See Bachelder v. America West Airlines, Inc., 259 F.3d 1112, 1124 (9th Cir. 2001).

Wabash contends that Johnson was not eligible to receive FMLA leave from the time of his injury in July 2005 through the last time he requested leave in October 2005 because there were not enough employees at Johnson's location to make him an eligible employee.

Johnson argues that he should be protected against interference for requesting leave if he had a good faith belief that he was eligible for the leave.

The FMLA allows eligible employees of a covered employer to take job-protected leave for up to a total of 12 workweeks in any 12 months because of the birth or adoption of a child or to care for the serious health condition of the employee or certain family members. 29 C.F.R. § 825.100(a).

> As part of the balance that was struck between the interests of employers and the interests of employees, Congress included a small employer exception that excludes from the Act's coverage employers with fewer than 50 employees. [29 U.S.C.] § 2611(4)(A)(I). A separate exception was granted for small operations – that is, a potentially large company with a relatively small satellite office in a particular area. Specifically, the statute excludes from coverage any employee whose employer employs less than 50 employees within 75 miles of that employee's "worksite" ("the 50/75 provision"). Id. § 2611(2)(B)(ii).

Page 4 - OPINION AND ORDER

>According to the House Committee Report, the 50/75 provision "recognizes the difficulties an employer may have in reassigning workers to geographically separate facilities." H.R. Rep. No. 102-135(I), at 37 (1991).

Harbert v. Healthcare Services Group, Inc., 391 F.3d 1140, 1147-48 (10th Cir. 2004), cert. denied, 126 U.S. 356 (2005).

The "small employer" exception rests in the definition of "employer" as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year . . . ." 29 U.S.C. § 2611(4)(A)(I). "Once a private employer meets the 50 employees/20 workweeks threshold, the employer remains covered until it reaches a future point where it no longer has employed 50 employees for 20 (nonconsecutive) workweeks in the current and preceding calendar year." 29 C.F.R. § 825.105(f).

The "satellite office" exception is found in the definition of an "eligible employee," which does not include " any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50." 29 U.S.C. § 2611(2)(B)(ii). The number of employees "is determined when the employee gives notice of the need for leave." 29 C.F.R. § 825.110(f). Later fluctuations in the headcount do not affect the entitlement to leave for that specific notice. Id.

Wabash's motion is based on the satellite office exception. There is no evidentiary record to determine if Wabash is a covered employer or if instead it falls within the small employer exception. An admission or a headcount for the whole company would be needed for all of 2004 and 2005. The Ninth Circuit has not addressed the issue of making a request on the good faith

Page 5 - OPINION AND ORDER

belief that the employee is entitled to leave under the FMLA. I decline to address this policy question without knowing if the employer is covered by the Act. Thus, I will deny Wabash's motion for summary judgment. It may raise the issue again on a more complete evidentiary record.

## CONCLUSION

Defendant's Motion to Dismiss Plaintiff's Family Medical Leave Act Claim (#13) is denied.

IT IS SO ORDERED.

Dated this <u>     15th     </u> day of February, 2007.


<u>   /s/ Garr M. King            </u>
Garr M. King
United States District Judge